# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BOBBY P. LEDFORD,            )
                             )
        Plaintiff,         )
                             )
v.                           )   Case No. CIV-12-151-FHS-SPS
                             )
CAROLYN W. COLVIN,           )
Acting Commissioner of the Social )
Security Administration,[1]  )
                             )
        Defendant.         )

## REPORT AND RECOMMENDATION

The claimant Bobby P. Ledford requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on May 5, 1961, and was fifty years old at the time of the administrative hearing (Tr. 28). He has a high school education and has past relevant work as a janitor, tree service laborer, farm ranch hand, lawn mower, municipal laborer, and inmate supervisor labor/gang supervisor (Tr. 17). The claimant alleges inability to work since June 10, 2009 because of a spinal injury, hepatitis C, chronic obstructive pulmonary disorder (COPD), acid reflux, and psoriasis (Tr. 198).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on August 4, 2010 (Tr. 18). His applications were denied. ALJ Edward L. Thompson conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated November 10, 2011 (Tr. 9-19). The Appeals Council denied review, so the ALJ's written

opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981; 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform light work, but could lift no more than 15 pounds and could not perform repetitive bending, stooping, or lifting from the waist (Tr. 14). The ALJ concluded that although the claimant could not return to any past relevant work, he was nevertheless not disabled because there was other work he could perform, *i. e.*, ticket seller, shirt presser and office helper (Tr. 18).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze Listing 1.04A in relation to his impairments; (ii) by failing to find that his RFC was equivalent to sedentary work; (iii) by failing to properly analyze the opinion of his treating physician, Dr. Stephen Wilson, M.D.; and, (iv) by failing to properly analyze the claimant's own credibility. The undersigned Magistrate Judge finds that the claimant's first contention is dispositive.

The claimant suffered a work-related back injury in June 2009. He was treated for this injury by Dr. Wilson, who wrote on January 14, 2010 (after six visits for therapy) that the claimant "continues to suffer from pain in his cervical spine with radicular symptoms due to anatomical abnormalities in the form of disc bulges" and superimposed

disc protrusions in both the cervical and lumbar spine (Tr. 282). Dr. Wilson's examination revealed a decreased range of motion and tenderness to palpation at both the cervical and lumbar spine, and Dr. Wilson also noted that the claimant had a positive foraminal compression test and decreased sensation in the bilateral upper extremities (Tr. 282). Further, the claimant demonstrated a positive straight-leg raising test bilaterally and decreased sensation in the bilateral lower extremities (Tr. 282). Dr. Wilson ended the report by opining that the claimant remained temporarily totally disabled (Tr. 283).

Following treatment from Dr. Wilson, the claimant was referred to Dr. Dennis Foster, M.D. (Tr. 260). At that time, the claimant reported that he was experiencing low back pain that was severe in intensity and a burning sensation between his shoulder blades (Tr. 260). On examination, the claimant reported pain with deep palpation of the upper back and neck region and pain with any palpation in the thoracic and lumbar spine (Tr. 261). Dr. Foster recommended physical therapy and medication as treatment and restricted the claimant to no lifting greater than 15 pounds with no repetitive lifting from the waist (Tr. 261). Dr. Foster saw the claimant for the final time on April 27, 2010 and imposed permanent restrictions that claimant should perform no lifting greater than 15 pounds and no repetitive bending, stooping, or lifting from the waist (Tr. 264).

On May 24, 2010, Dr. Wilson evaluated the claimant again following Dr. Foster's discharge of the claimant (Tr. 277). At that time, the claimant was still complaining of neck pain which radiated to his upper extremities, with the left side being more affected (Tr. 278). In addition, the claimant was complaining of pain in his lower back radiating

into his lower extremities with numbness and tingling (Tr. 278). On examination, Dr. Wilson found that the claimant had a 31.5% whole person permanent partial impairment to his cervical spine based on loss of range of motion, weakness of the cervical flexors and extensors, left upper extremity weakness and neuropathy, and MRI results (Tr. 280). In addition, Dr. Wilson found that the claimant had a 47% whole person permanent partial impairment to his lumbar spine, which he based on loss of range of motion, weakness of the lumbar flexors and extensors, weakness of the bilateral hip flexors and extensors, bilateral lower extremity weakness and neuropathy, and MRI results (Tr. 280).

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairment meets or is equivalent to an impairment including in the Listing of Impairments found at 20 C.F.R. Part 404, Subpt. P., App. 1. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). If so, the claimant will be found to be disabled without further analysis because the Commissioner considers listed impairments to be disabling in and of themselves. *See* 20 C.F.R. § 404.1525(a) ("The Listing of Impairments . . . describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."). Although the claimant bears the burden of proof of showing that he meets or equals the requirements for a listed impairment, *see, e. g., Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005), the ALJ must discuss the relevant evidence, determine "whether the claimant's impairment is equivalent to one of a number of listed impairments that . . . [are] so severe as to preclude substantial gainful

activity," Clifton, 79 F.3d at 1009 [quotation omitted], and explain why the claimant does not meet the listing if he is not found to be disabled at step three. *Id., citing Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986).

The claimant argues that his impairment meets the criteria of Listing 1.04A, which provides in pertinent part as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With . . . [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

In his written decision, the ALJ provided the following analysis regarding whether the claimant met Listing 1.04:

> The claimant has reported musculoskeletal pain. Some doctors have noted some spinal abnormalities. X-rays and magnetic resonance imaging studies have been positive. The claimant has not had referrals for extensive pain treatment, nor has he had refers for orthopedic or neurosurgical specialists. He does not have consistent findings of a loss of gait and station, nor are there findings of lack of gross and fine manipulation. There is no evidence of joint dysfunction or malformation. The claimant does not have consistent evidence of reflex loss, motor loss, sensory loss, muscle atrophy or other findings to meet the requirements for listed musculoskeletal impairments.

(Tr. 14). Thus, the ALJ recited a number of factors not particularly relevant to Listing 1.04A, *i. e.*, lack of referrals and no evidence of joint dysfunction, and summarily stated that the claimant met none of the relevant criteria, *e. g.*, reflex loss and motor loss. The

ALJ did not discuss in any detail the underlying medical evidence or even the applicable criteria for Listing 1.04A. This is particularly troubling in light of the fact that the ALJ elsewhere assigned great weight to the opinion of Dr. Wilson, who specifically noted that the claimant had the following symptoms: (i) cervical pain radiating into the bilateral upper extremities; (ii) decreased range of motion in cervical flexion and extension; (iii) weakness in the cervical flexors and extensors; and decreased sensation to monofilament testing in the left upper extremity (Tr. 279). Under the circumstances, the decision of the Commissioner should be reversed and the case remanded for further analysis and a more complete explanation as to why the claimant does not meet this listing.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of Listing 1.04A. On remand, the ALJ should reconsider the claimant's impairments in the context of the criteria set out in Listing 1.04A and determine whether the claimant does, in fact, satisfy those criteria.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma